```
                             United States Bankruptcy Court
                             Middle District of Pennsylvania
In re:                                                                  Case No. 18-00941-RNO
Tadeusz Konopka                                                         Chapter 7
        Debtor              CERTIFICATE OF NOTICE
District/off: 0314-5          User: TWilson              Page 1 of 1              Date Rcvd: Jul 06, 2018
                              Form ID: 318               Total Noticed: 6

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 08, 2018.
db             +Tadeusz Konopka,    130 Broad Mt. View Dr,    Jim Thorpe, PA 18229-9580
5032272        +Jill Jenkins, Esquire,    701 Market ST,    STE 5000,    Philadelphia, PA 19106-1541

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr             +E-mail/Text: wschwab@iq7technology.com Jul 06 2018 18:52:28      William G Schwab (Trustee),
                 William G Schwab and Associates,    811 Blakeslee Blvd Drive East,    PO Box 56,
                 Lehighton, PA 18235-0056
5047214         EDI: BECKLEE.COM Jul 06 2018 22:53:00      American Express National Bank,
                 c/o Becket and Lee LLP,    PO Box 3001,    Malvern  PA 19355-0701
5032270         EDI: BANKAMER.COM Jul 06 2018 22:53:00      Bank of America,    PO Box 982238,
                 El Paso, TX 79998
5032790        +EDI: PRA.COM Jul 06 2018 22:53:00      PRA Receivables Management, LLC,    PO Box 41021,
                 Norfolk, VA 23541-1021
                                                                                               TOTAL: 4

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*             American Express National Bank,    c/o Becket and Lee LLP,    PO Box 3001,
                 Malvern, PA 19355-0701
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5032271*       ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
                 (address filed with court: Bank of America,    PO Box 982238,    El Paso, TX 79998)
5032273*       +Jill Jenkins, Esquire,    701 Market ST,    STE 5000,    Philadelphia, PA 19106-1541
                                                                                   TOTALS: 0, * 4, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 08, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 6, 2018 at the address(es) listed below:
              James    Warmbrodt    on behalf of Creditor    Bank Of America, N.A. bkgroup@kmllawgroup.com
              Jason M Rapa    on behalf of Debtor 1 Tadeusz  Konopka jrapa@rapalegal.com,
               ssprouse@rapalegal.com;mhine@rapalegal.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
              William G Schwab (Trustee)    schwab@uslawcenter.com,
               wschwab@iq7technology.com;ecf@uslawcenter.com
                                                                                             TOTAL: 4
```

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Tadeusz Konopka** <br> First Name   Middle Name   Last Name | Social Security number or ITIN  **xxx−xx−8980** <br> EIN  \_ \_−\_ \_ \_ \_ \_ \_ \_ |
| Debtor 2 <br> (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  \_ \_ \_ \_ <br> EIN  \_ \_−\_ \_ \_ \_ \_ \_ \_ |
| United States Bankruptcy Court   **Middle District of Pennsylvania** | | |
| Case number:   **5:18−bk−00941−RNO** | | |

## Order of Discharge                                                                             12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Tadeusz Konopka

**By the court:**   *Robt N. Opel II*

July 6, 2018

Honorable Robert N. Opel, II
United States Bankruptcy Judge

By: TWilson, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                             **Order of Discharge**                             page 1

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**